**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MICHAEL ESTRADA,<br>    Plaintiff,<br>                  v.<br>ALDI, INC., *d/b/a* Aldi,<br>    Defendant. | Civil Action No.<br>1:24-cv-01295-SDG |

**OPINION AND ORDER**

This matter is before the Court on Defendant Aldi, Inc.'s motion to dismiss [ECF 10] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, Aldi's motion is **GRANTED**.

**I.  Background**

This Americans with Disabilities Act (ADA) case arises out of alleged deprivations suffered by Plaintiff Michael Estrada from an ADA-noncompliant bathroom at an Aldi store in Columbus, Georgia.[1] According to the complaint, Estrada is a Georgia resident who requires a walker as his primary means of mobility.[2] In particular, Estrada alleges that several architectural features of the men's bathroom at the Aldi store violate the 2010 ADA Standards for Accessible Design, 28 C.F.R. Part 36, and therefore he was denied full and equal access to and

---

[1]  ECF 1, ¶¶ 4, 10.

[2]  *Id.* ¶ 3.

1

enjoyment of the Aldi store.[3] Estrada intends to visit the Aldi store again, both as a patron and to determine whether the alleged barriers to access have been remedied.[4] Estrada seeks a declaration that the Aldi store violates the ADA and injunctive relief requiring Aldi to bring the store into ADA compliance, in addition to attorneys' fees.[5]

Aldi moves to dismiss Estrada's complaint for two reasons: (1) Estrada fails to allege sufficient facts from which the Court can reasonably infer that Aldi violated the ADA, and (2) Estrada fails to sufficiently allege an injury-in-fact and therefore lacks standing to bring this lawsuit under Title III of the ADA.[6] Because the Court concludes that Estrada lacks standing, and thus the Court lacks subject matter jurisdiction over Estrada's claims, the Court need not address Aldi's first argument.[7]

## II. Applicable Legal Standards

The Constitution governs federal courts' authority, limiting them to considering "cases" and "controversies." U.S. CONST. art. III, § 2; *see, e.g.*, *Lujan v.*

---

[3] *Id.* ¶ 10.

[4] *Id.* ¶¶ 9, 15.

[5] *Id.* at Prayer for Relief.

[6] ECF 10.

[7] As discussed *infra*, the Court also notes that venue in this district appears to be improper, as the Aldi store in question is located in the Middle District of Georgia. *See* 28 U.S.C. § 90.

*Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992*); Granite State Outdoor Adver., Inc. v. City of Clearwater*, 351 F.3d 1112, 1116 (11th Cir. 2003). The standing doctrine "stems directly from Article III's 'case or controversy' requirement" and "implicates [the Court's] subject matter jurisdiction." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (citation omitted).

To establish Article III standing, a plaintiff must demonstrate: (1) an injury-in-fact; (2) a causal connection between the asserted injury-in-fact and the defendant's actions; and (3) that "the injury will be redressed by a favorable decision." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (quoting *Lujan*, 504 U.S. at 561). An injury-in-fact is the "invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (quotation marks and citations omitted).

Plaintiffs who seek injunctive relief must make an additional showing to demonstrate standing. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013). "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party shows 'a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury.'" *Id.* at 1329 (quoting *Shotz*, 256 F.3d at 1081). When a plaintiff seeks an injunction, he must demonstrate that a future injury is imminent—that there is "a sufficient likelihood

that he will be affected by the allegedly unlawful conduct in the future." *Koziara v. City of Casselberry*, 392 F.3d 1302, 1305 (11th Cir. 2004) (quotation marks omitted).

Estrada seeks injunctive relief, which is the only form of relief available to plaintiffs suing under Title III of the ADA. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021) (citing 42 U.S.C. § 12188(a)(1)). Estrada must therefore demonstrate a real and immediate threat of future injury to establish standing.

### III. Discussion

The Court construes Aldi's Rule 12(b)(1) motion challenging Estrada's standing as a facial attack on the Court's subject matter jurisdiction and thus assumes the factual allegations of the complaint to be true. However, under the relevant Supreme Court and Eleventh Circuit case law, the Court concludes that Estrada has not demonstrated the real and immediate threat of future injury necessary to establish standing, and therefore the Court lacks subject matter jurisdiction.

#### A. Facial Attacks to Subject Matter Jurisdiction

Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms: facial and factual. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). A facial attack challenges whether a plaintiff "has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1529 (quotation marks omitted). By contrast,

a factual attack challenges the existence of subject matter jurisdiction irrespective of the pleadings, and extrinsic evidence may be considered. *Id.* In considering a factual attack on subject matter jurisdiction the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (quotation marks omitted).

While Aldi does not specify whether its Rule 12(b)(1) motion is a facial or factual attack, it is clear from Aldi's arguments that it is challenging whether Estrada sufficiently alleged a basis of subject matter jurisdiction—*i.e.*, a facial attack. Aldi did not submit any extrinsic evidence with its motion and instead relies on the factual allegations in the complaint. Accordingly, the Court will assume as true the factual allegations in Estrada's pleading for the purposes of this motion. *Id.* at 1529.

### B.    The *Houston* Factors

The question of whether a plaintiff faces a real and immediate threat of future injury "must be examined under the totality of all relevant facts," and the analysis is "often a fact-sensitive inquiry." *Kennedy*, 998 F.3d at 1233 (quoting *Houston*, 733 F.3d at 1337 n.6, 1340). The Eleventh Circuit has identified four relevant factors for an analysis of ADA Title III standing: "(1) the proximity of the defendant's business to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definiteness of the plaintiff's plan to return;

and (4) the frequency of the plaintiff's travel near the defendant's business." *Houston*, 733 F.3d at 1337 n.6. While the *Houston* court cautioned that the four factors were not exclusive, and no single factor was dispositive, *id.*, the similarity of the facts in *Houston* to this case make the factors particularly relevant here.

In *Houston*, the Eleventh Circuit held that the plaintiff had standing to seek injunctive relief under Title III of the ADA against a grocery store located approximately 30 miles from his house. *Id.* at 1336–37. The court reasoned that the plaintiff had been to the store twice in the past and stated a desire to return, and the store was located near the offices of his attorney, where the plaintiff regularly visited as part of his role as vice president of a disability advocacy group. *Id.* The court also concluded that the plaintiff's status as a "tester" of ADA compliance—rather than a bona fide patron of the store—did not preclude him from demonstrating an injury-in-fact sufficient to confer standing. *Id.* at 1334.

The reasoning of *Houston* is clearly applicable here. Aldi, like the defendant in *Houston*, is a grocery store.[8] Estrada, like the plaintiff in *Houston*, intends to return to the Aldi store at least in part to test its ADA compliance.[9] Accordingly,

---

[8] While the fact that Aldi is a grocery store is not explicit from the face of the complaint, Estrada acknowledges this fact in his opposition brief. ECF 11, at 13.

[9] ECF 1, ¶ 15.

the Court will use the four factors identified in *Houston* as "guidelines" in its analysis. *Kennedy*, 998 F.3d at 1233.

### 1. Proximity and Frequency of Travel

At the outset, the Court lacks enough factual information to come to informed conclusions regarding the first and fourth *Houston* factors. Estrada's complaint does not allege where in Georgia he resides or frequents, and thus the Court cannot determine one way or another whether Estrada resides or travels near the Aldi store in Columbus, Georgia. While the absence of factual support for these factors is not dispositive, it does not support Estrada's case, either.

### 2. Past Patronage

As to the second factor, Estrada's complaint implies that he visited the Aldi store on only one occasion.[10] "While past wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy . . . the plaintiff's exposure to illegal conduct in the past is nonetheless evidence bearing on whether there is a real and immediate threat of repeated injury." *Houston*, 733 F.3d at 1336 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983) and *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). In *Houston*, the court noted that the plaintiff had visited the defendant's store a second time, despite facing the alleged barriers to access in his first visit. *Id.* Subsequently, in *Kennedy*,

---

[10] *Id.* ¶ 7.

the Eleventh Circuit distinguished *Houston* by noting that the plaintiff had visited the defendant's hotel only once, did not visit the vicinity of the hotel frequently, and had no concrete plan to return. 998 F.3d at 1235 (applying *Lujan*, 504 U.S. at 564). There is no allegation that Estrada made a second trip to the Aldi store, and for the reasons more fully discussed in the following section, Estrada has not alleged facts demonstrating a concrete plan to return. While Estrada's single visit to the Aldi store provides *some* evidence that he faces a real and immediate threat of repeated injury, the Eleventh Circuit's reasoning in *Kennedy* suggests that this evidence, as presently alleged, carries little weight.

### 3. Plans to Return

The third factor weighs against Estrada. In *Lujan*, the Supreme Court held that "'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be"—are insufficient to demonstrate an actual or imminent injury. 504 U.S. at 564. Estrada contends that he is only required to allege that he intends to return to the Aldi store in the near future, citing *Houston* and *De Palo v. Walker Ford Co.*, 2015 WL 4506890, at *3 (M.D. Fla. July 23, 2015). The unifying thread of Estrada's cases is *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237 (11th Cir. 2000) (per curiam), where the Eleventh Circuit held that the plaintiff's proffered amended complaint would have adequately shown a genuine threat of imminent injury by alleging that the plaintiff would

take another cruise aboard the defendant's ship in the near future. *Stevens*, 215 F.3d at 1239.

Notably, *Stevens* contained only a passing reference to *Lujan*, and the full extent of the plaintiff's proffered standing allegations is unclear from the Eleventh Circuit's opinion. *Id.* Subsequently, *Houston* distinguished *Stevens*, reasoning that—regardless of whether *Stevens* conflicted with *Lujan*—the plaintiff in *Houston* had factually supported his intent to return to the defendant's store to a greater extent than the plaintiff in *Stevens*, enough to satisfy the requirements of *Lujan*. *Houston*, 733 F.3d at 1335 n.5. Then, in *Kennedy*, the Eleventh Circuit distinguished *Houston*, noting that the plaintiff in *Kennedy* had visited the defendant's hotel only once for a few hours, had failed to make a return reservation, had no system for arranging return visits to test for ADA compliance, and had not visited the vicinity of the hotel for several years, facts which taken as a whole did not satisfy the requirements of *Lujan*. *Kennedy*, 998 F.3d at 1234–35.

The overarching question of whether a plaintiff faces a real and immediate threat of future injury—as required to satisfy the standing requirements set out by the Supreme Court in *Lujan*—is "a fact-sensitive inquiry" which "must be examined under the totality of all relevant facts." *Id.* at 1233 (citation omitted). The totality of all facts alleged by Estrada is that he intends to return to the Aldi store "in the near future," either as a patron or to determine whether the barriers to

access remain.[11] Assuming this to be true, these allegations more closely resemble those of *Kennedy* than *Houston*: while Estrada has an interest in testing for ADA compliance, he has not alleged facts demonstrating a credible or concrete plan to return to this Aldi store. At most, he has alleged a "generalized intent to return sometime in the future," which by itself is insufficient to establish a real and immediate threat of future discrimination under *Lujan*. *Id.* at 1235.

Taken together, the *Houston* factors guide the Court to the conclusion that, as currently pled, Estrada lacks standing to bring this Title III ADA claim.

### C.     Venue in this district appears to be improper.

While the Court's decision here is based on a lack of subject matter jurisdiction over Estrada's claims, the Court notes that venue in this district also appears to be improper, as the Aldi store in question is located in the Middle District of Georgia. *See* 28 U.S.C. § 90. Venue is proper in a judicial district where (1) "any defendant resides, if all defendants are residents of the State in which the district is located"; or (2) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." *Id.* § 1391(b)(1)–(2).[12]

---

[11]   *Id.* ¶¶ 9, 15.

[12]   The venue statute also contains a fallback provision, § 1391(b)(3), but that provision is only available when neither § 1391(b)(1) or (2) is satisfied.

For venue purposes, a defendant corporation such as Aldi is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2). In a multi-district state such as Georgia, the personal jurisdiction analysis is limited to contacts specifically in the Northern District of Georgia as "if that district were a separate State." *Id.* § 1391(d).

The complaint alleges that Aldi's principal place of business is in Illinois, though it does not allege where Aldi is incorporated.[13] Thus, there is no indication that Aldi is subject to general personal jurisdiction in this district. *See Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014)) ("A corporation's place of incorporation and its principal place of business are 'paradigm all-purpose forums.'"). It is unclear what Estrada means where he alleges that Aldi "resides by agency in this judicial district and division,"[14] but assuming that he is alleging that Aldi appointed a registered agent for service of process in this district,[15] that is insufficient to establish general

---

*Algodonera De Las Cabezas, S.A. v. Am. Suisse Cap., Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005) (applying an earlier version of § 1391).

[13]   ECF 1, ¶ 4.

[14]   *Id.* ¶ 2.

[15]   Aldi's registered agent listed an address in Lawrenceville, Georgia, *see* ECF 4, which is within this district, 28 U.S.C. § 90.

personal jurisdiction over Aldi. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000).

Nor are there allegations indicating that Aldi had any other contacts with *this* district, such that there may be specific personal jurisdiction over it. *See Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010) (quoting *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1222 (11th Cir. 2009) ("[A] fundamental element of the specific jurisdiction calculus is that plaintiff's claim must 'arise out of or relate to' at least one of defendant's contacts with the forum."). Therefore, Aldi does not appear to be a resident of the Northern District of Georgia for venue purposes, nor does it appear that a substantial part of the events giving rise to Estrada's claim occurred in this district, and so venue in this Court is likely improper.

## IV. Conclusion

Aldi's motion to dismiss for lack of subject matter jurisdiction [ECF 10] is **GRANTED**, and Estrada's complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to close this case.

If Estrada believes that venue is proper in this district, he may file a motion to reopen the case along with an amended complaint consistent with this Order.

**SO ORDERED** this 28th day of March, 2025.

_____
Steven D. Grimberg
United States District Judge